UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Yocheved Weinberger, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Collection Bureau of the Hudson Valley, Inc.,<br><br>Defendant(s). | Civil Action No: 3:23-cv-364<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Yocheved Weinberger (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Collection Bureau of the Hudson Valley, Inc., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and this is where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and with an address for service at its principal place of business, 155 North Plank Road, Newburgh, New York 12550.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. that listed a charge for equipment without stating that the equipment can be returned;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ 1692e and/or 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e and/or 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. The Plaintiff and all members of the Plaintiff Class have claims

    arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as Plaintiff has no interests that are adverse to the absent members of the Plaintiff Class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to June 1, 2021, an obligation was allegedly incurred to Optimum.

21. The Optimum obligation arose out of an alleged debt for transactions primarily for personal, family, or household purposes, specifically cable/internet/phone services.

22. The alleged Optimum obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Optimum is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. Optimum contracted with Defendant to collect the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

26. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

*Violation March 17, 2022 Collection Letter*

27. On or about March 17, 2022, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Optimum. A true and correct copy of the Letter is attached hereto as Exhibit A.

28. The Letter attempts to collect a total balance of $326.85, which includes $180.00 for "Equipment Balance."

29. The Letter does not provide any specific information regarding the equipment or Plaintiff's options regarding the same.

30. Upon information and belief, if Plaintiff would return the equipment which forms the basis of the charge, the balanced would be reduced significantly due to a credit for the returned equipment.

31. Defendant's letter makes no mention at all of this possibility.

32. It is deceptive to list a charge for equipment and not to make any mention of the possibility of reducing the charge significantly (or completely) by simply returning the equipment.

33. By listing an "Equipment Balance" and not stating the plain and simple way in which Plaintiff can remedy this Balance, Defendant has deceptively misled Plaintiff by implying that the Equipment Balance is fixed and cannot be remedied or mitigated.

34. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant failed to maintain procedures reasonably adapted to avoid any such violations.

35. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

36. The harms caused by Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

37. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, intimidation, and conversion.

38. For the purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

39. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

40. One important element of consumer protection revolves around keeping the consumer informed.

41. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

42. However, when a debt collector withholds key information about a debt from a consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

43. In the instant matter, the ability for a consumer to significantly reduce the amount of the alleged debt by simply returning a piece of equipment is material information that would assist the consumer in responding to an alleged debt.

44. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

45. Plaintiff was confused and misled to his detriment by the statements in Defendant's correspondence, and relied on the contents of the correspondence to his detriment.

46. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

47. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

48. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

49. Plaintiff was therefore unable to evaluate how much was truly being alleged as the total balance and was therefore unable to evaluate the demand for payment or how to address it.

50. Plaintiff was therefore unable to make payment on the debt.

51. The funds Plaintiff would have used to pay some or all of the alleged debt were therefore spent elsewhere.

52. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he indeed owed the full amount of the listed debt.

53. Plaintiff spent time and money to mitigate the risk of further financial harm in the form of dominion and control over his funds.

54. This, as a direct result of Plaintiff's reliance on the Letter, Plaintiff suffered a financial detriment.

55. Defendant's conduct and improper acts, and Plaintiff's reliance thereon, also caused Plaintiff emotional harm in the form of anxiety and stress.

56. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

57. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

9

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated § 1692e:

   a. By falsely representing the character, amount, and/or legal status of the debt in violation of § 1692e(2)(A);

   b. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

   c. By making a false and/or misleading representation in violation of §1692e(10).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendant violated this section by omitting a simple way in which Plaintiff can remedy or mitigate the Equipment Balance stated in their letter.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yocheved Weinberger, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 23, 2023         Respectfully Submitted,

**STEIN SAKS, PLLC**

*/s/Christofer Merritt*

Christofer Merritt, Esq.
1 University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500
Fax: (201) 282-6501
cmerritt@steinsakslegal.com